UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:_____

BETHUNE-COOKMAN UNIVERSITY, INC.,

    Plaintiff,

v.                                                           Original Action Case No.:
                                                         (M.D. Fla. 6:22-cv-0047-WWB-RMN)

DR. MARY MCLEOD BETHUNE NATIONAL
ALUMNI ASSOCIATION, INC., MARY MCLEOD
BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,
and JOHNNY L. MCCRAY, JR., Individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL NON-PARTY STARKS
ENTERPRISE, LLC D/B/A MTG STARKS, LLC'S RESPONSE TO SUBPOENA**

    Plaintiff, pursuant to Fed. R. Civ. P. 45 and applicable law, moves the Court to: (1) compel non-party Starks Enterprise, LLC d/b/a MTG Starks, LLC ("Starks") to respond to a subpoena *duces tecum*; (2) deem any objections to the subpoena waived; and (iii) award Plaintiff its attorneys' fees and costs.

    Plaintiff's claims stem from Defendants' ongoing, unauthorized use of Plaintiff's trademarks and logos, and deceptive and unfair business practices including conduct comprising a misrepresentation of affiliation with Plaintiff, despite repeated demands to cease the unauthorized use and misconduct. Nonparty Starks is an entity, located within this Division of the Southern District of Florida, that was directly involved in preparing and filing Defendants' tax returns. Defendants' Treasurer, Ms. LaVaughn Starks ("Ms. Starks"), is the principal of nonparty Starks. On July 1, 2023, Plaintiff served a subpoena *duces tecum* on Starks. *See* **Exhibit A** (subpoena; proof of service). The subpoena sought: (1) certain financial records related to Defendants; and (2) documents and correspondence relating to the preparation and filing of Defendants' tax returns, to be produced to Plaintiff's counsel within this District by July 17, 2023. *Id*. To date, Starks has simply failed to object or respond to the Subpoena in any manner at all.

    Under Fed. R. Civ. P. 45, a non-party may be commanded to produce documents and ESI. If the non-party does not timely object to the subpoena, all objections are waived. *Smartmatic*

*USA Corp. v. Montgomery*, 2023 U.S. Dist. LEXIS 125423, at *3-*4 (M.D. Fla. July 20, 2023). The scope of discovery under a non-party subpoena is the same as under Fed. R. Civ. P. 26. *Whatley v. World Fuel Servs. Corp.*, 2020 U.S. Dist. LEXIS 90776, at *5-*6 (S.D. Fla. May 22, 2020). The non-party must produce requested, nonprivileged information relevant to any party's claim or defense, and proportional to the needs of the case. *Id*. at *6.

The documents and information requested in the subpoena are directly relevant to Plaintiff's case. Specifically, the subpoena seeks information that relates to Defendants' financial records, tax obligations and nonprofit, tax-exempt status. In a Lanham Act trademark case, plaintiff has the burden to show defendant's revenues. Further, the Amended Complaint asserts (and Defendants deny) that Defendants' prior authorization to use Plaintiff's marks and logos was terminated in part due to Defendants' financial improprieties, including related to its tax-exempt status, and failures to timely file its tax returns, creating risk to Plaintiff's reputation and accreditation. *See, e.g.*, Am. Compl., D.E. 33, at ¶ 57; *see also Svistina v. Elbadramany*, No. 22-cv-20525, 2022 U.S. Dist. LEXIS 182618, at *6-*7 (S.D. Fla. Oct. 4, 2022) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)) (threshold for showing relevance is low, in discovery context, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

The corporate Defendants produced Ms. Starks, the principal of nonparty Starks, as their corporate representative, designated under Rule 30(b)(6), to testify on behalf of Defendants on all financial topics noticed. During the 30(b)(6) deposition, Ms. Starks confirmed that numerous documents directly responsive to the subpoena are in Starks' possession, custody, and control. **Exhibit C** at 274:10-281:7. Starks simply ignored its obligation to respond to the subpoena in any manner, even after Ms. Starks was questioned about the subpoena, admitted she was served with it, and admitted that she could easily gather and produce the documents or information responsive to the subpoena. *Id*. Thus, any objections Starks might not attempt to assert should be deemed waived. *Montgomery*, 2023 U.S. Dist. LEXIS 125423, at *3-*4; *Sakhil Ctr. at Doral Condo. Ass'n v. Hanover Ins. Co.*, 2019 U.S. Dist. LEXIS 227022, at *3 (S.D. Fla. Mar. 21, 2019).; *Madeline L.L.C. v. Street*, 2009 U.S. Dist. LEXIS 51700, at *5 (S.D. Fla. June 3, 2009). Further, nonparty Starks' position in simply ignoring the subpoena and failing to respond to it in any manner whatsoever is wholly unjustified and thus Plaintiff should be awarded its attorneys' fees and costs

incurred in connection with this Motion. *See CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.*, 2022 U.S. Dist. LEXIS 216167, at *8-*9 (S.D. Fla. Nov. 30, 2022)

WHEREFORE, Plaintiff respectfully requests the Court enter an order (i) compelling Starks to produce documents and ESI in native format responsive to the subpoena; (ii) deeming any objections waived; (iii) awarding Plaintiff its reasonable attorneys' fees and costs related to this Motion.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I hereby certify that on August 23, 2023, undersigned counsel for Plaintiff, Stephen Anderson, Esq., met and conferred by Zoom with nonparty witness LaVaughn Starks the principal of nonparty Starks, during her deposition, regarding the relief sought herein, but Plaintiff and nonparty Starks were unable to reach agreement on the relief sought herein. Counsel for Defendants, Elana Faniel, Esq., has confirmed that she does not represent nonparty Starks Enterprise, LLC or Ms. Starks in her capacity as a principal of that nonparty entity.

### CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a true and correct copy of the foregoing was served via CM/ECF and email on all counsel for record, including Elana Faniel, Esq. and Vivian Williams, Esq., and served via process server on Starks' registered agent and on Ms. Starks via email.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

s/Gregory W. Herbert
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Stephen G. Anderson
Florida Bar No. 0105697
andersonst@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
*Lead Counsel for Plaintiff*