UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mc-81205-Middlebrooks/Matthewman

BETHUNE-COOKMAN UNIVERSITY, INC.,

     Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL
ALUMNI ASSOCIATION, INC., MARY MCLEOD
BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,
and JOHNNY L. MCCRAY, JR., Individually,

     Defendants.

_____/

FILED BY_____SW_____D.C.

Sep 15, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER TO SHOW CAUSE
## TO STARKS ENTERPRISE, LLC, d/b/a MTG STARKS, LLC

**THIS CAUSE** is before the Court upon Plaintiff Bethune-Cookman University, Inc.'s ("Plaintiff") Amended Motion to Compel Non-Party Starks Enterprise, LLC d/b/a MTG Starks, LLC's Response to Subpoena ("Amended Motion") [DE 3]. This matter was referred to the undersigned by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 4.

Accordingly, it is hereby **ORDERED** that Non-Party Starks Enterprise, LLC d/b/a MTG Starks, LLC shall **SHOW CAUSE**, in writing, on or before **September 29, 2023**, why the subpoena attached hereto [DE 3-1] should not be enforced and Plaintiff's Amended Motion granted. In this regard, Plaintiff shall serve a copy of this Order to Show Cause on Non-Party Starks Enterprise, LLC d/b/a MTG Starks, LLC at the address listed on the subpoena—that is, c/o Lavaugh Starks, Registered Agent, 5460 North Ocean Drive, Suite 12B, Riviera Beach, FL 33404, and by email.

1

Further, Plaintiff shall promptly file a Notice of Compliance with this service requirement on the docket in this case. And, the Clerk of Court is also **DIRECTED** to mail a copy of this Order to Starks Enterprise, LLC d/b/a MTG Starks, LLC; c/o Lavaugh Starks, Registered Agent, 5460 North Ocean Drive, Suite 12B, Riviera Beach, FL 33404.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of September, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| BETHUNE-COOKMAN UNIVERSITY, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 22cv0047-WWB-RMN |
| DR. MARY MCLEOD BETHUNE NATIONAL ) | |
| ALUMNI ASSOCIATION, INC., et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Starks Enterprise, LLC d/b/a MTG Starks, LLC; c/o Lavaughn Starks, Registered Agent
5460 North Ocean Drive, Suite 12B, Riviera Beach, Fl 33404

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:      See attached Exhibit A

| Place: Gregory W. Herbert, Esq., herbertg@gtlaw.com | Date and Time: |
|---|---|
| c/o Greenberg Traurig, 777 South Flagler Drive, Suite 300 East, West Palm Beach, FL 33401 | 07/17/2023 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | OR | /s/ Gregory Herbert |
|---|---|---|---|
| _____ | | | _____ |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, Bethune-Cookman University, Inc. _____ , who issues or requests this subpoena, are:

Gregory W. Herbert, Greenberg Traurig LLP, 450 South Orange Ave, Ste 650, Orlando, FL 32801, herbertg@gtlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22cv0047-WWB-RMN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

# Exhibit A

## I   DEFINITIONS

1.      **"Plaintiff"** refers to Bethune-Cookman University, Inc.

2.      **"Defendants"** refers to DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC. and MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., individually, and any of their local chapters, agents, representatives, officers, directors, shareholders, employees, or any other individuals or entities working for Defendants, or acting on Defendants' behalf or at its direction including, but not limited to, distributors, attorneys, consultants, and independent contractors.

3.      **"Lawsuit"** refers to the instant lawsuit.

4.      **"Complaint"** refers to the First Amended Complaint in this Lawsuit [ECF No. 33].

5.      **"Documents"** refers to all electronically stored information, papers, books, accounts, letters, photographs, objects, handwritten notes, memoranda, telephone messages, logs, diaries, correspondences, writings, reports, contracts, drawings, graphs, charts, photographs, recordings, data compilations or items from which information can be obtained or translated, and any other tangible things. "Documents" also includes the foregoing in any recorded form, including, but not limited to, electronic mail, computer files, disks, and drives, and specifically incorporates, without limitation, all items referenced in Fed. R. Civ. P. 34(a)(1)(A).

6.      **"Communication"** means the transmittal of information (in the form of facts, ideas, questions, opinions, or otherwise) regardless of whether or not the transmission was recorded in any way.

7.      **"Concerning"** or **"related to"** means relating to, referring to, pertaining to, describing, mentioning, discussing, commenting on, noting, responding to, supporting, contradicting, evidencing, involving, embodying, substantiating, depicting, suggesting, reflecting, or constituting in whole or in part.

8.      The singular includes the plural and vice versa.

9.      **"And"** and **"or"** should be read as both conjunctive and disjunctive, and neither shall be interpreted to limit the scope of the Requests.

10.     **"Include"** and **"including"** mean "include without limitation" and "including without limitation," respectively.

11.     Requests stated in the present tense include the past tense and vice versa.

12.     Use of a verb in any tense shall be construed as the use of the verb in all other tenses.

*ACTIVE 688490456v1*

EXHIBIT A

## II   INSTRUCTION

1.       For any and all information responsive to a request that is stored electronically, the electronically stored information shall be produced as described in the enclosed <u>Appendix "A"</u> annexed hereto.

## III   DOCUMENTS AND THINGS TO BE PRODUCED

1.       All financial records related to the Defendants including, but not limited to, bank statements, financial reports, and complete tax returns and any other filings with any tax, authorities, whether federal, state, local, sales and use taxes or otherwise, with all worksheets and back-up documentation.

2.       Any and all documents or correspondence with the Defendants regarding financial matters, relating to the preparations and filing of the Defendants' tax-returns and any other filings with any tax, authorities, whether federal, state, local, sales and use taxes or otherwise.

EXHIBIT A

## APPENDIX A
### (Requested Electronically Stored Information Production Format)

| | |
|---|---|
| De-Duplication | Documents will be globally de-duplicated throughout the case based on hash values |
| Image Format: | Group IV B&W single-page TIFF |
| Extracted Text Format: | Document-level text files. (Extended ASCII or Unicode if foreign language characters present) |
| File Naming: | Each image and extracted text file should be named with the beginning Bates number of the document, preferably not Including prefix (see Proposed Directory Structure below). |
| Proposed Directory Structure: | Images and text files to be stored in separate directories.  The image files will contain up to 2000 images per folder and the text files will contain up to 50,000 files per folder.  The folder structure will be as follows:<br><br>IMAGES<br>TEXT<br>NATIVES<br>DATA |

| General Format Requirements Image Requirements | |
|---|---|
| Resolution: | 300 dpi |
| Image Shrinkage: | Bates stamp (e.g. TEST 00000001) should be applied in the bottom .5 inch of the image. Canvas should be 8.5" x 11" for all documents. |
| Requirements: | For spreadsheet files, provide a one-page TIFF placeholder (see also Native File Requirements below). OCR TIFF Image and non-searchable PDF files. |

EXHIBIT A

| Loadfile/xref:  File Requirements. | | |
|---|---|---|
| Load file Type: | LFP or OPT | |
| Load file format: | ASCII text file | |
| Data file format: | .DAT file | |
| Delimiters: | Comma ¶ | ASCII character 020 |
| | Quote þ | ASCII character 254 |
| | Newline ® | ASCII character 174 |
| | Multi-value ; | ASCII character 059 |
| Field List: | See Metadata Field List below. The first line of each load file must contain the field names. | |

| Native File Requirements. | |
|---|---|
| File Types: | The following file types should be delivered In native format unless otherwise specified: Spreadsheet files (e.g. Excel, .csv); Emails (e.g., .msg, .pst, .mbox); and Word Processing files (e.g., .doc, .docx, .wp). |
| Spreadsheet data: | A one-page (one Bates iteration) TIFF placeholder sheet should accompany the native file version of Spreadsheet files. |
| Sample Placeholder Page: | <<Type of File>>- Delivered as Native File e.g. "Excel Spreadsheet-Delivered as Native File" |
| Extracted Text: | Full extracted text of the native file should be provided In a separate file as if the file had been processed to TIFF. **Do not provide the Placeholder Page text in the extracted text.** |
| File Naming: | Each native file Is named with the beginning Bates number of the document (see Bates requirements above), preferably not including the prefix. |
| Directory Structure: | Native Files should be stored in a separate directory named "Natives". The path to the native data should be Iterated In the load file in the Native Path field.  The subdirectory structure within this folder should follow the same structure for Images noted above. |

EXHIBIT A

## Metadata Field List

For documents that originated as ESI, GT proposes the following fields In the metadata load file:

- Beginning Bates Number (with prefix)
- Ending Bates Number (with prefix)
- Beginning Family Range Bates Number
- Ending Family Range Bates Number
- Doc_Type (email, attachment, loose file)
- Page Count
- File Extension
- File Size
- Sourcefolder  (The full path information for email, attachments and application files beginning with the original source folder name)
- Application (The name of the application that generated the native file)
- Subject (Subject or Re line for emails)
- Title (Title field for application files)
- TO  (Addressees—email only)
- FROM (Recipients—email only)
- CC  (Cc field—email only)
- BCC  (Bcc field—email only)
- Custodian (name of the person, department or business unit from which a collection of email or application files originate)
- Author  (name of the author or the creator of an application file)
- Date Created
- Date Last Modified
- Date Sent  (email only—accuracy to days)
- Time Sent  (email only—accuracy to seconds)
- Date Received  (email only—accuracy to days)
- Time Received  (email only ---accuracy to seconds)
- System Date Created
- System Date Modified
- System Date Accessed
- System Previous Versions

EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.    22CV0047-WWB-RMN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   Starks Enterprise, LLC dba MTG Starks, LLC
was recieved by me on  7/01/2023:

☐   I personally served the summons on the individual at *(place)* on *(date)* ; or

☐   I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒   I served the summons on **c/o Registered Agent: Lavaughn Starks**, who is designated by law to accept service of process on behalf of **Starks Enterprise, LLC dba MTG Starks, LLC** at **5460 North Ocean Drive suite 12b, Riviera Beach, FL 33404 on 07/10/2023 at 10:27 AM**; or

☐   I returned the summons unexecuted because ; or

☐   Other *(specify)*

My fees are $ 0 for travel and $ **140.00** for services, for a total of $ **140.00**

I declare under penalty of perjury that this information is true.

Date:

_____
Server's signature

**James Petit Frere**
Printed name and title

3951 Haverhill Rd. N., 211
West Palm Beach, FL 33417

_____
Server's address

Additional information regarding attempted service, etc:

**I delivered the documents to c/o Registered Agent: Lavaughn Starks with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 55-65 years of age, 5'4"-5'6" tall and weighing 140-160 lbs.**



Tracking #: 0109985172

EXHIBIT A